IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| URIEL BENITEZ-PONCE, | § |
| | § |
| *Petitioner*, | § |
| | § |
| V. | § CIVIL ACTION NO. SA-26-CV-00014-FB |
| | § |
| PAMELA JO BONDI, United States Attorney General; KRISTI LYNN NOEM, Secretary of Homeland Security; SYLVESTER M. ORTEGA, San Antonio Acting Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement; and CHARLOTTE COLLINS, Warden, T. Don Hutto Detention Center; in their Official Capacities, | § |
| | § |
| *Respondents*. | § |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Uriel Benitez-Ponce's ("Petitioner") Petition for Writ of Habeas Corpus (docket no. 1) and the Federal Respondents' ("Respondents") Abbreviated Response to Habeas Petition and Request to Proceed Without Oral Argument (docket no. 5). After careful consideration, the petition (docket no. 1) is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Uriel Benitez-Ponce (File No. XXX-XXX-XXX) from custody, under appropriate conditions of release, to a public place as soon as practicable but **no later than noon on January 23, 2026;**

2. Respondents must **NOTIFY** Petitioner's counsel by email [Javier N. Maldonado, jmaldonado.law@gmail.com, (210) 277-1603] of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

4. If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing.

5. Respondents shall **FILE** a Status Report **no later than 5:00 p.m. January 23, 2026**, confirming that Petitioner has been released.

## DISCUSSION

Respondents have submitted an Abbreviated Response to preserve the legal issues and to conserve judicial and party resources. They acknowledge that this Court's prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. After reviewing the briefing, provided evidence, and applicable law, the Court grants the petition for the same reasons stated in the prior relevant decisions identified in the Abbreviated Response. While Respondents respectfully disagree with those decisions, the factual and legal issues presented in this case do not differ in any material fashion from those presented in the identified decisions. As requested by Respondents, the Court incorporates the filings in those cases into the record in this case. For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) Respondents have violated provisions of the Immigration and Nationality Act; (3) Petitioner cannot be detained under 8 U.S.C. § 1225(b); (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one; and (5) *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025) does not preclude granting habeas relief in this case at this time. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any constitutional or other challenge presented. Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper.

## CONCLUSION

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (docket no. 1) is **GRANTED** such that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Uriel Benitez-Ponce (File No. XXX-XXX-XXX) from custody, under appropriate conditions of release, to a public place as soon as practicable but **no later than noon on January 23, 2026;**

2. Respondents must **NOTIFY** Petitioner's counsel by email [Javier N. Maldonado, jmaldonado.law@gmail.com, (210) 277-1603] of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

4. If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing.

5. Respondents shall **FILE** a Status Report **no later than 5:00 p.m. January 23, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that a Final Judgment shall issue separately. Motions pending with the Court, if any, are Dismissed as Moot and this case is **CLOSED.**

It is so ORDERED.

SIGNED this 20th day of January, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE